## Case No. 1,641.

BOONE v. CLARKE et al.

[3 Cranch, C. C. 389.][1]

Circuit Court, District of Columbia. Dec. Term, 1828.

TRUSTS — POWER OF JOINT TRUSTEE — DEATH OF JOINT TRUSTEE — POWER OF ATTORNEY—DEATH OF PRINCIPAL.—POWER COUPLED WITH INTEREST.

1. If there be two joint trustees with a joint power of attorney to sell, the trust cannot be executed by one alone, either in the lifetime of the other, or after his death.

2. A power of attorney becomes invalid by the death of the principal, except so far as the attorney has an interest coupled with the power.

[1] [Reported by Hon. William Cranch, Chief Judge.]

3. Upon the death of one of two joint trustees. the trust does not survive to the other, unless such a provision be inserted in the deed of trust.

Bill in equity by [John Boone] the executor of a creditor of Francis Boone, against Walter Clarke and wife, and Thomas Scott and wife, the personal representatives of the said Francis Boone, deceased. The material facts of the case, as they appear in the record, are that Francis Boone, the owner of certain slaves, by deed dated March 21, 1801, conveyed them, and other personal property, to Robert Bowie and Alexius Boone jointly in trust to pay certain debts due by Francis Boone to those two trustees and others, and to pay over the surplus to himself, with a joint power to the two trustees to sell the property at public or private sale, either in their own names, or in the name of the grantor, Francis Boone. The deed was duly acknowledged and recorded, but the property remained in the possession of the grantor, until his death, in November, 1815. On the 16th of April, 1814, the same Francis Boone, by deed of that date duly acknowledged and recorded, conveyed the same slaves to the plaintiff's testator, John Boone, to secure a debt of $385.70, due by Francis to John, with power to John to sell the same in execution of the trust, but the possession still remained in Francis, who at his death was possessed of property more than sufficient to pay all his debts. That the debts secured by the first deed were paid off in the lifetime of Francis Boone; but not the debt due to the plaintiff's testator. Francis Boone was the father-in-law of the defendant, Walter Clarke, and lived and died in his family. After the death of Francis Boone, Robert Bowie, one of the trustees, the other trustee having "relinquished," sold to the defendant, Walter Clarke, for the consideration of $1,000, on the 24th of June, 1816, "all his right, title, and interest," in the slaves in question, without notice of the deed of Francis Boone to John Boone. This suit was brought to set aside that deed of Robert Bowie to Walter Clarke, and to obtain a decree for the sale of the slaves under the deed from Francis Boone to John Boone. [Decree for plaintiff.]

Mr. Key and J. Dunlop, for plaintiff.
C. C. Lee and Mr. Jones, for defendants.

CRANCH, Chief Judge, after stating the case, delivered the following opinion, in which the other judges concurred:

From the circumstances thus appearing in evidence in this cause, a strong presumption arises that the debts mentioned in the deed of 1801 were fully paid off before the death of Francis Boone, and that Mr. Bowie had no authority, as trustee, to sell the property. The power of attorney contained in the deed became invalid by the death of F. Boone, except so far as the interest of the trustees was coupled with the power; and if their interest had been extinguished, the power did not survive. It does not appear that Alexius Boone, the co-trustee, was dead at the date of the deed from Mr. Bowie to Mr. Clarke. The trust was joint, and could not be executed by one. There was no provision in the deed that the trust should survive. Upon the death of one, the trust failed. After all the debts were paid, the trustees had only a power to transfer the legal estate to F. Boone, or his legal representatives, that is, his executors or administrators. One trustee alone could do no valid act. He could not divest himself of any part of the legal estate, nor transfer the personal trust. The trust was not only personal, but jointly personal. Neither could act without the other. I am of opinion, therefore, that the bill of sale from Robert Bowie to Walter Clarke was absolutely void; and the presumption being strong that the debts secured by the deed of 1801 were paid off in the lifetime of Francis Boone, I think the plaintiff has a right, under the deed of 1814, to pursue the property in the hands of the defendants.

Afterwards, at the same term, on the 2d of April, 1829, Mr. C. C. Lee, for the defendant, moved for a rehearing, and the court agreed to receive any further notes of argument on the part of the defendant.

Mr. Lee submitted his notes, which were filed with the papers in the cause. Mr. Jones did not send any notes.

On the 30th of July, 1829, CRANCH, Chief Judge, said:

Upon reconsidering this case, and Mr. Lee's notes, I am still of the same opinion as before. The defendant Clarke acquired no title whatever from Bowie, and is, therefore, not such a purchaser for valuable consideration, without notice, as can be protected by that principle. The plaintiff is only pursuing the property in the hands of the defendant, who can claim nothing but a naked possession against a mortgagee for a valuable consideration. And of that opinion was the court.